Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 20, 2013, which denied defendants’ motion, having denominated it one for reargument of a prior order, same court and Justice, entered May 30, 2012, granting plaintiff Todd Roberts’ motion for advancement of litigation costs in an underlying action, unanimously modified, on the law, defendants’ motion deemed one for renewal, renewal granted, and upon renewal, the prior order adhered to, and as so modified, affirmed, without costs.
Upon their motion for renewal, defendants submitted a letter and email from the Texas Treasury Safekeeping Trust Company (Texas Trust) regarding its view on the propriety of advancing litigation costs in this action and an underlying action from defendant Aegis Texas Venture Fund II, LP (Texas II Fund), a Texas certified capital company (CAPCO) fund. The letter and email were dated subsequent to the prior order granting plaintiff Todd Roberts’ motion to compel defendants to advance him $95,494.71 in litigation costs pursuant to defendants’ operating agreements and an order of the Supreme Court entered November 16, 2010. Thus, the letter and email constituted “new facts” and the motion properly sought renewal (CPLR 2221 [e]).
Defendants’ arguments, however, were not directed at the $95,494.71 in litigation costs that the prior order directed them to advance to Roberts. Rather defendants’ arguments are directed at their advancement obligation generally which was not the subject of the prior order from which they sought renewal but of the Supreme Court’s November 16, 2010 order which is not at issue on this appeal. We further note that the letter and email from the Texas Trust do not provide definitive guidance that it is not possible for the Texas II Fund to make advancement payments to Roberts or his counsel without expending assets of the fund in violation of Texas law, as defendants assert. Rather, the letter explicitly states that the Texas II Fund “may be in violation of the [state’s] CAPCO laws.”
To the extent that defendants object to specific advancement requests in the future, the Supreme Court has outlined a procedure in the prior order for raising any such objections. Concur— Tom, J.P, Renwick, Richter, Feinman and Gische, JJ.